FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 NOV 25 PM 2: 14
MARGARET BOTKINS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

DANIEL WOLOSIN, Individually and )
as the Brother of DAVID WOLOSIN, )
and as Personal Representative of )
the Estate of DAVID WOLOSIN, )
Deceased. )
        Plaintiff, )
         )
vs )   19-CV-242-MLC
         )
CITY OF CASPER, WYOMING, )
CASPER POLICE DEPARTMENT, )
CASPER POLICE OFFICER JACOB )
CARLSON, and )
CASPER POLICE OFFICER )
RANDI GARRETT. )
         )
        Defendant. )

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, Daniel Wolosin, brother and Personal Representative of the Estate of David Wolosin, deceased, and alleges the following:

1. This action is brought by the Plaintiff against the Defendants; City of Casper, Wyoming Casper Police Department, Casper Police Officer Jacob Carlson and Casper Police Officer Randi Garrett collectively. The officers for their use of excessive and deadly force resulting in the unlawful shooting death of David Wolosin in violation of his individual rights under the 2nd, 4th, and 14th Amendments of the United States Constitution and civil rights pursuant to 42 U.S.C. § 1987.

the 2nd, 4th, and 14th Amendments of the United States Constitution and civil rights pursuant to 42 U.S.C. § 1987.

2. Plaintiff alleges that the City of Casper Police Department, hereinafter called Police, and their Policymakers, hereinafter called Policymakers failed to train, in non-enforcement encounters and contacts and de-escalation techniques, supervise, screen, monitor, discipline, transfer, counsel, or otherwise control officers who are known or should have been known to engage in the use of excessive force and/or deadly force. The Policymakers had a duty, but failed to implement and/or enforce polices, practices, and procedures for the Police that respected David Wolosin's constitutional rights to law enforcement and medical assistance and protection. The Policymaker's failures listed above and below caused David Wolosin's unwanted, unlawful, excruciating physical and mental anguish which resulted in David Wolosin's slow and painful death.

3. Plaintiff alleges that the City of Casper, Police, and Policymaker's neglected to provide training (in the form of written policy as the 21 'Foot Rule) when they can accost and assault the victim, and how to announce to the individual, i.e. the deceased, when they were free to go, in investigative detention or arrest and knowing the difference and how to act in each particular situation. This occurred in this case and was negligent, dangerous, and deadly to the innocent public and caused David Wolosin's unwanted and excruciating physical and mental anguish and death.

4. Plaintiff alleges that the Officers in the case were plainly inconsistent and knowingly violated the law and the normal standards and pattern of practice when they caused David Wolosin's unwanted and excruciating physical and mental anguish and unlawful death.

5. Plaintiff seeks answers and compensation for damages for the wrongful death of David Wolosin.

## PARTIES

6. Plaintiff Daniel Wolosin is a person of full age and majority, of Casper, Wyoming. Daniel Wolosin sues on behalf of himself and as a duly appointed personal representative of the Estate of David Wolosin, through Civil Action 106004, Natrona County, Seventh Judicial District Court, Casper, Wyoming. David Wolosin's heirs include, but are not limited to:

Kayla Wolosin,

Stephen Wolosin,

Jillian Wolosin,

Carl Wolosin,

Harriet (Nicki) Wolosin,

and minors A.W., A.I. J.W., & C.W.

7. Defendants Officer Garrett is an individual who may be served at and through the Casper Police Department, Hall of Justice, 201 North David, 1st Floor, Casper, Wyoming as police officers/employees.  Officer

Carlson is retired and can be served at JDC Investigations, 4030 Crystie Lane, Casper, WY 82609.

8.  Defendant the city of Casper, Wyoming is a governmental entity located in Natrona County, Wyoming. The City of Casper operates the CPD and is responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the arts and omissions, challenged by this suit. The CPD is responsible for prevention, investigative, and enforcement services for all citizens of the City of Casper. The City of Casper may be served with citation herein by and through the City Attorney's Office, City Hall Building, 200 N. David Street, Casper, Wyoming or wherever he may be found. Additional service is being made upon the City of Casper Manager, J. Carter Napier, 200 N. David Street, Casper, Wyoming or wherever he may be found.

9.  As required by W.S. § 1-39-113 (d) (ii) on or about May 4, 2019 filed his governmental claim which was signed under oath in compliance with W.S. § 1-39-113 (i). The claim was filed with the Casper City Attorney, the Chief of Police of the Casper Police Department, and the City Manager of Casper. As required by W.S. § 1-39-113 (d)(iii) the Plaintiff's claim was in compliance with the signature and certification requirement of Article 16 Section 7 of the Wyoming Constitution.

## JURISDICTION AND VENUE

10. Jurisdiction and Venue to 28 § U.S.C. 88 1331 and 1343 as this action is brought under, interalia the Fourth Amendment of the United States Constitution and 42 U.S.C. 1983, to redress the deprivation of rights, privileges and immunities guaranteed to deceased, David Wolosin, by constitutional and statutory provisions. Plaintiff further invokes the supplemented jurisdiction of the court pursuant to 28 U.S.C. § 1367 to adjudicated pendent claims arising under the facts of the State of Wyoming.

11. Venue is proper in this court because the cause of action occurred with the District of Wyoming.

## FACTS

12. In the State of Wyoming it is legal to carry an open carry or concealed firearm.

13. At approximately 1:39 p.m. on May 6, 2018 in a vacant lot in Casper, Wyoming located at approximately Fairdale and Farnum, Casper Police Officers Jacob Carlson and Randi Garrett arrived to investigate a claim that David Wolosin was allowing minor children, under his direct control and supervision, to drive in said empty parking lot. Officer Randi Garrett arrived on the scene first.

14. Pursuant to Police protocol and law enforcement training and procedures, Officer Garrett was the responsible officer and in charge of the scene. It should be noted that Officer Garrett is a very robust female officer

and Officer Carlson is and was a burley take charge kind of officer. Officer Carlson stated he was "amped" prior to arriving at the scene of the incident.

15.  Officer Carlson ignored Casper PD protocol and training decided that he would be the one to confront, detain, and investigate the alleged offense without having seen any violation of traffic or criminal law and without consulting with the responsible and first officer on scene, Officer Garrett.

16.  David Wolosin, knowing his constitutional rights protected by the United States Constitution and the greater constitutional rights granted under the Wyoming Constitution knew he did not have to talk to any law enforcement officer and decided not to speak with the officers.

17.  Officer Carlson, in violation of all Police procedures and constitutional rights under the United States Constitution and Wyoming Constitution didn't follow standard law enforcement training did the following.

18.  Officer Carlson failed to give any verbal commands or make any requests to David Wolosin in a clear, concise, commanding voice asking or ordering David Wolosin to speak with, or provide any personal information to Officer Carlson. Instead, Officer Carlson made physical movements toward David Wolosin several times while David Wolosin was speaking on the phone. Each time Officer Carlson encroached on David Wolosin's personal space, David Wolosin asked Officer Carlson, "Please give me some space. Please

back up, please," several times while David Wolosin retreated from Officer Carlson's physical advances only the same distance Officer Carlson encroached on David Wolosin's personal space. David Wolosin stopped near the trunk of his vehicle and was standing and still showing no sign of flight or fight. Officer Carlson then assaulted and battered David Wolosin by grabbing his arm while David Wolosin was standing still and still showed no aggression or intention of flight from the scene.

19. At the time Officer Carlson first used physical force on the victim, David Wolosin, the legal standards/tests for objective reasonableness contained in Graham V Conner were not met.

20. David Wolosin exercised his right of self-defense against an ongoing and known armed assailant. During an exchange of gunfire, Officer Carlson was shot and David Wolosin was shot causing his death. Officer Carlson failed to be aware of his immediate surroundings and other innocent and otherwise uninvolved children in the immediate area, to wit: J.W. and C.W

21. Officer's Carlson and Garrett failed to use the standard for priority of life which is, #1 victim(s), #2 uninvolved/innocent parties or other citizens, #3 law enforcement, #4 suspect. During Officer Carlson's unlawful use of force, Officer's Carlson and Garrett made an extreme deviation from the normal and constitutional standard of practice for the priority of life during any law enforcement use of force or other life threatening incident by

placing C.W and J.W. in-between the Officers and what they considered the suspect, David Wolosin rather than protecting the innocent children.

22. Defendants Officer Carlson and Officer Garrett's unlawful and unwarranted acts, lack of training, and deviation from official customs or policies of law enforcement agencies at large, unlawfully caused David Wolosin's injuries and death. As a direct and proximate result of the Defendants' conduct, Plaintiff, Daniel Wolosin and the entire Wolosin family have sustained substantial damages and pecuniary loss.

23. Upon information and belief, the Casper Police Department had not implemented policies and procedures to aggressively control death and/or injuries as a result of the improper and/or unlawful use of force up to and including deadly force. The Casper Police Department provided inadequate, reckless, and dangerous techniques that practically mandate the use of deadly force with negligible training given in the use of non-lethal force in situations such as what occurred in this case.

24. After the incident, David Wolosin was not afforded any emergency medical services to attempt to prolong or preserve his life by Officer Garrett or any other responding Police Officer, Paramedic, or Firefighter.

25. Officer Garrett failed to provide protection and immediate evacuation from the area to the innocent children J.W. and C.W. after the incident. J.W. and C.W. were visibly upset, crying, and J.W. had urinated in

his pants due to the trauma which was created by Officer Carlson and Garrett.

26. When Officer Garrett finally released J.W. and C.W. from the vehicle, Officer Garrett failed to protect or escort them to safety by allowing C.W. to fall far behind Officer Garrett while still in the immediate area of the incident.

This lack of training is especially egregious in light of the multiple recent shootings involving the Casper Police Department and its employees.

EXCESSIVE FORCE BY DEFENDANTS (Individually and in their official capacity)

COUNT I

27. Plaintiff incorporates by this reference paragraphs 1-26 as fully set forth herein. Plaintiff will show that Defendants Carlson and Garrett's actions on the occasion in question were wrongful, malicious, and reckless in depriving David Wolosin of his constitutional rights, as alleged more fully below.

28. Plaintiff will show that at all time material hereto, Defendants Garrett and Carlson had the duty and opportunity to avoid inflictions of unjustified bodily injury to David Wolosin, to protect his bodily integrity, and not trample on his constitutional rights.

29. Plaintiff will show that Defendants Carlson and Garrett failed to act as reasonable officers would have acted in the same or similar

circumstances. That is, Defendants Carlson and Garrett, without justification and the need to do so, used excessive force in their initial contact with David Wolosin and failed to provide any verbal orders or direction to David Wolosin prior to the use of physical force.

30. That their unconstitutional acts lead to David Wolosin using the right of self-defense to prevent further harm to himself as well as J.W. and C.W. David Wolosin had not used any threatening gestures, mannerisms, speech, or actions and was just going about his business, standing still in a place he was lawfully allowed to be, when he was wrongly assaulted and battered by Officer Carlson.

31. That Mr. Wolosin had not made any threatening gesture toward Defendants Carlson and Garrett when they wrongfully and unlawfully seized David Wolosin.

32. That only David Wolosin attempted to de-escalate the situation by asking multiple times as Officer Carlson physically approached and invaded David Wolosin's personal space, for Officer Carlson to "Please give me some space. Please back up. Please." As stated before, the two officers had not followed the proper normal and accepted procedure when they want to do an investigative detention or an actual arrest and at the time physical force was first used, Officer Carlson had no lawful objective in order to use any type of force that would be legally justified. Further, at the time Officer Carlson used

force on the victim, David Wolosin, the legal standards/tests for objective reasonableness contained in Graham V Conner were not met.

33. The excessive use of force by assaulting the deceased was not reasonable, justified, or necessary under the circumstances.

34. Defendants Carlson and Garrett were not objectively reasonable because their training dictated that they give verbal commands instead of immediately using physical force.

35. Plaintiff will show that Defendants Carlson and Garrett denied David Wolosin his rights to be free from the use of excessive and unlawful force in violation of the Fourth Amendment to the United States Constitution.

36. That force used by Defendants Carlson and Garrett, in attempting to question David Wolosin about his activities was unnecessary and unreasonable under the circumstances as David Wolosin did not pose an immediate threat to the safety of the Defendants or others.

37. As a result of these Constitutional violations to David Wolosin and the injuries he sustained, he was killed. Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

FAILURE TO TRAIN BY THE CITY OF CASPER

COUNT II

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

39. Defendants Carlson and Garrett and other officers at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices, and polices of the City of Casper and the Police regarding use of force as authorized and/or ratified by the Policymakers. David Wolosin was deprived of rights and privileges secured by the United States Constitution and by other laws of the United States and the State of Wyoming, by the City of Casper, and Police failing to provide proper training, adequate supervision, or discipline in dealing with individuals such as David Wolosin in violation 42 § U.S.C. 1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

40. With respect to the claims made that form the basis of this lawsuit, City of Casper and Police failed to adequately train its officers on how to deal with the individuals in the situation on May 6, 2018 without the use of inappropriate and unlawful force. The failure to train its officers in a relevant respect reflects a deliberate indifference of the City of Casper and Police to the rights of the city's inhabitants and the Police also has deliberate indifferences as to the rights of the city's inhabitants and it is actionable under 42 U.S.C. 1983.

41. Defendant the City of Casper developed and maintained a policy of deficient training of its police force, including the use of any force in the

situation in question. The Police training was designed and implemented under the direction of the City Manager to act in this regard.

42. The City of Casper and Police's failure to provide adequate training to its officers on how to deal with the individuals during an event similar to the one at issue in this cause and the subsequent use of deadly force after they had unlawfully assaulted and battered David Wolosin reflect deliberate indifferences by the Policymakers and reckless conscious disregard for the obvious risk that officers would used excessive force on citizens and made the violations of David Wolosin constitutional rights, including his death, a reasonable probability and in fact, almost certainty.

43. Plaintiff would show that Defendants Carlson and Garrett's actions were the result of or within the scope of wrongful and reckless customs, polices, practices, and/or procedures for which the City of Casper and Police knew or should have known, but never provided the requisite and proper training.

44. On information and belief, Defendants City of Casper, acting through official polices, practices, and customs and with deliberate callous and conscious indifference to the constitutional rights of David Wolosin failed to implement and/or enforce the policies, procedures, and practices necessary to provide constitutionally adequate protection and assistance to David Wolosin and implemented polices, procedures, and practices, which actually

interfered with or prevented David Wolosin from receiving the protections, assistance, and care deserved.

45. For instance, the following conduct, policies, and custom, <u>inter alia</u>, by Defendants' violation of David Wolosin's constitutional rights.

a. the City of Casper and Police's failure to adequately train, supervise, or discipline its officers who commit a wrongful use of deadly force.

b. Defendants policy in the proper use of form.

c. Defendants inadequate training on how of deal with individuals during an event such as the one at issue in this case.

d. Using physical force on David Wolosin when David Wolosin was standing still and showed no signs or effort to leave the location.

46. In addition, Defendants City of Casper and Police as applicable failed and refused to implement customs, policies, practices, or procedures regarding the proper use of deadly force. In doing so, Defendants City of Casper and Police knew it was acting against the clear dictates of current law and knew that as a direct consequence of their deliberate decisions, the very situation that occurred, i.e. David Wolosin's death, in all reasonable probability occurred.

47. The Defendants City of Casper and Police's failure to properly train and discipline its officers was the proximate cause of the violations of David Wolosin's constitutional rights.

## WRONGFUL DEATH

48. Plaintiff incorporates by reference paragraphs 1-47 as if fully set forth herein.

49. Defendants Carlson and Garrett's actions were a producing cause of David Wolosin's death which resulted in the following damages; loss of a family relationship, love, support, services, and emotional pain and suffering.

50. Plaintiff seeks compensation as set forth specifically the section of the Complaint entitled damages.

## DAMAGES

51. Plaintiff incorporates by this reference paragraphs 1-50 as if fully set forth herein. Defendants', both jointly and individually, acts and/or omissions were a proximate cause of the following injuries:

a. Actual damages;

b. Loss of affection, consortium, comfort, financial assistance, protection, care, affection and long term physical care of his aging and physically disabled mother and father;

c. Pain and suffering and mental anguish suffered by David Wolosin prior to his death;

d. Mental anguish and distress suffered by the Plaintiff (especially J.W. and C.W. who where present during the incident) and those he represents;

e. Loss of quality of life;

f. Funeral and burial expenses;

g. Loss of service, loss of future earnings and contributions to Plaintiff;

h. Exemplary and punitive damages as well as costs of court;

i. Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal if required.

j. Prejudgment interest; and

k. Post judgment interest.

52. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the Court.

## COSTS AND ATTORNEYS FEES

53. Plaintiff incorporates by reference paragraphs 1-52 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

54. Plaintiff incorporates by reference paragraphs 1-53 as if fully set forth herein. Plaintiff would show that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre judgment interest at the legal rate, interest on said judgment at the legal rate, court costs, attorney's fees and costs, and such other and further relief, both general and special, at law and in equity, to which the Plaintiff is entitled.

DATED this 25 day of November, 2019.

Daniel J. Wolosin
Family and Personal Representative
For the Estate of David P. Wolosin
4855 Antelope Dr.
Bar Nunn, Wyoming
Ph: 307-259-2011